The People of the State of New York, Respondent,
against
Carlos Macip Jimenez, Appellant.



Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Richmond County (Alan J. Meyer, J.), imposed July 14, 2015, upon his conviction of driving while intoxicated per se, upon his plea of guilty.




ORDERED that the sentence is affirmed.
Defendant was charged with, among other things, felony driving while intoxicated per se (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c]), which charge was reduced to a misdemeanor (Vehicle and Traffic Law § 1192 [2]), as part of a plea bargain. Defendant had previously been convicted, on February 25, 2010, of driving while intoxicated per se. The court informed defendant that he would be sentenced to a term of three years of probation, that he would have to perform 10 days of community service, that his driving privileges would be revoked for one year, and that an engine interlock device would have to be installed for one year on any vehicle he owned. In addition, a fine of $500 and a mandatory surcharge would be imposed. On July 14, 2015, defendant was sentenced as promised.
Defendant's sole claim on appeal is that the sentence of three years of probation was excessive, and that, instead, he should have been sentenced to a term of two years of probation. Defendant argues, among other things, that he had a minimal criminal history, he took responsibility for his actions, cooperated with police at the scene, and admitted his guilt. Defendant also argues that his license was suspended at his arraignment on July 11, 2014. Thus, he lost his driving privileges for two years. Moreover, as he was required to install an ignition interlock device, there were three full years during which defendant's driving privileges were lost or strictly supervised.
As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentence agreement will not be heard to complain that the sentence imposed was harsh or excessive, absent an abuse of discretion or mitigating or extraordinary circumstances (see People v Galvez, 72 AD3d 838 [2010]; People v Bacchus, 52 Misc 3d 140[A], 2016 NY Slip Op 51168[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Jackson, 49 Misc 3d 134[A], 2015 NY Slip Op 51464[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Anant, 44 Misc 3d 138[A], 2014 NY Slip Op 51252[U] [App Term, 2d Depts, 2d, 11th & 13th Jud Dists 2014]). In the case at bar, there was no abuse of discretion in imposing a sentence of three years' probation, and no mitigating or extraordinary circumstances warrant the reduction of the sentence. While defendant may well have been fully [*2]cooperative with the police, and immediately admitted his guilt, defendant had been previously convicted of driving while intoxicated per se in 2010. Defendant avoided potential incarceration by agreeing to plead guilty to a misdemeanor and receiving a sentence of probation. Thus, we find no basis to reduce the sentence (see People v Tyler, 76 AD3d 1144 [2010]; People v Neff, 39 Misc 3d 136[A], 2013 NY Slip Op 50593[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]).
Accordingly, the sentence is affirmed.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: January 24, 2017